**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000459
19-DEC-2025
07:53 AM
Dkt. 98 SO**

NO. CAAP-23-0000459

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

In the Matter of
THE PETITION OF KENNETH S. CHURCH and JOAN E. HILDAL
For Boundary Interpretation of Certain Land Consisting of
Approximately 3.4 Acres situated at 29-3792 Hawaii Belt Road,
Contiguous Tax Map Key(s) (3) 2-9-003; 029, 060, Wailea,
County of Hawaiʻi, State of Hawaiʻi.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CCV-22-0000317)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and McCullen, JJ.)

The Circuit Court of the Third Circuit[1] (**Circuit Court**) dismissed an agency appeal – from a decision by Appellee-Appellee State of Hawaiʻi Land Use Commission (**LUC**) – that should have been filed directly in the Hawaiʻi Supreme Court. Self-represented Appellants-Appellants Kenneth S. Church and Joan E. Hildal (**Appellants**) appeal from the Circuit Court's: (1) June 1, 2023 "Order Granting [LUC's] Motion to Dismiss Appeal for Lack of Subject Matter Jurisdiction and Denying Appellants' Motion to Transfer Appeal to the Hawaiʻi Supreme Court Nunc Pro Tunc" (**Dismissal Order**); and (2) August 23, 2023 Final Judgment. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2). Appellants also appear to challenge the Circuit Court's August 4, 2023 "Order Denying [153] Appellants' Motion for Reconsideration

---

[1] The Honorable Henry T. Nakamoto presided.

Filed June 13, 2023" (**Order Denying Reconsideration**).

Appellants own land within the state conservation district (**Property**).  On June 17, 2021, they filed a petition with the LUC pursuant to Hawaii Revised Statutes (**HRS**) § 91-8 and related Hawaiʻi Administrative Rules (**HAR**), including HAR § 15-15-22(f).  They sought a declaratory order that the Property was incorrectly labeled conservation and should have been zoned agricultural.

On March 15, 2022, the LUC issued an Order Denying Petition for Declaratory Order, and Reimbursement and Waiver of Fees (**LUC Denial Order**).  The LUC concluded that Appellants had not shown by a preponderance of the evidence that the Property was incorrectly placed in the conservation district.  On September 2, 2022, the LUC also denied Appellants' motion for reconsideration (**LUC Reconsideration Order**).

On September 29, 2022, Appellants appealed from the LUC Denial Order and the LUC Reconsideration Order to the Circuit Court (the **Agency Appeal**).  On February 27, 2023, Appellants filed their Opening Brief.

On April 4, 2023, the LUC filed a motion to dismiss the Agency Appeal for lack of subject matter jurisdiction (**Motion to Dismiss**).  In apparent opposition, on April 25, 2023, Appellants filed a motion to transfer the Agency Appeal to the Hawaiʻi Supreme Court <u>nunc pro tunc</u> (**Transfer Motion**).  Following a hearing on May 15, 2023, the Circuit Court granted the Motion to Dismiss and denied the Transfer Motion, concluding it did not have jurisdiction to transfer the case to the supreme court.  The court entered the Dismissal Order on June 1, 2023.

On June 13, 2023, Appellants filed a motion for reconsideration of the Dismissal Order.  The Circuit Court denied the motion for reconsideration in a July 13, 2023 Minute Order and the later August 4, 2023 Order Denying Reconsideration.

The Final Judgment was entered on August 23, 2023.

On appeal, Appellants appear to contend, among other things, that the Circuit Court erred in:  (1) granting the LUC's motion to dismiss for lack of subject matter jurisdiction and denying Appellant's motion to transfer the appeal to the supreme

court; and (2) denying Appellants' motion for reconsideration.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Appellants' contentions as follows, and vacate.

The existence of jurisdiction is a question of law that we review de novo. Dailey v. Dept. Land and Nat. Resources, 155 Hawaiʻi 348, 564 P.3d 1147 (2025) (citing Dupree v. Hiraga, 121 Hawaiʻi 297, 312, 219 P.3d 1084, 1099 (2009)).

In In re Kanahele, 152 Hawaiʻi 501, 526 P.3d 478 (2023), the supreme court held that LUC declaratory orders (or orders disposing of petitions for declaratory rulings) have the same status for judicial review as contested case orders. Id. at 512, 526 P.3d at 489. As a result, appeals from LUC declaratory orders, like appeals from contested case orders, were required to be filed directly with the supreme court under HRS § 183C-9, enacted in 2016 by Act 48, § 2.[2/] See id. at 511-12, 526 P.3d at 488-89; Dailey, 155 Hawaiʻi at 350, 564 P.3d at 1149.

After Kanahele, the supreme court decided Honoipu Hideaway, LLC v. Land Use Comm'n, 154 Hawaiʻi 372, 550 P.3d 1230 (2024), and Rosehill v. Land Use Comm'n, 155 Hawaiʻi 41, 556 P.3d 387 (2024). In Honoipu, the court held that a circuit court has the inherent and statutory authority to transfer a timely-filed appeal nunc pro tunc, or "backdated to the appropriate time[,]" to the supreme court. 154 Hawaiʻi at 374, 376, 550 P.3d at 1232, 1234. In Rosehill, after accepting transfer of an appeal to this court, the supreme court held that the appeal could be considered

---

[2/]    HRS § 183C-9 (Supp. 2019) provides, in relevant part:

> (a)  . . . Any other law to the contrary notwithstanding, including chapter 91, any contested case under this chapter shall be appealed from a final decision and order or a preliminary ruling that is of the nature defined by section 91-14(a) upon the record directly to the supreme court for final decision, except for those appeals heard pursuant to this chapter arising in whole or in part from part III of chapter 205A or arising in whole or in part from chapter 115. . . .

HRS Chapter 183C concerns the conservation district. Part III of HRS Chapter 205A concerns shoreline setbacks, and HRS Chapter 115 concerns public access to coastal and inland recreational areas. The exceptions to HRS § 183C-9(a) do not apply to this appeal.

transferred nunc pro tunc to the date the appeal was originally filed in the circuit court. 155 Hawaiʻi at 45, 51, 556 P.3d at 391, 397. However, the supreme court limited these holdings in Honoipu and Rosehill "to the 'limited circumstances' of those cases, where appeals of LUC declaratory orders were pending in lower courts when Kanahele was published." Dailey, 155 Hawaiʻi at 350, 564 P.3d at 1149 (citing Honoipu, 154 Hawaiʻi at 374, 550 P.3d at 1232, and Rosehill, 155 Hawaiʻi at 50, 556 P.3d at 396). In such circumstances, "jurisdiction was proper when the appeal was originally filed, but the parties' understanding of jurisdiction shifted following a decision from an appellate court . . . ." Id. at 357, 564 P.3d at 1156 (quoting Honoipu, 154 Hawaiʻi at 377, 550 P.3d at 1235).

In Dailey, the supreme court applied the Honoipu and Rosehill holdings to the appeal of a contested case decision by the Board of Land and Natural Resources, where the appeal was mistakenly filed in a court – i.e., the environmental court – where jurisdiction was not proper at the time of filing. 155 Hawaiʻi at 357, 564 P.3d at 1156. The supreme court concluded that in those circumstances, the environmental court had the inherent power to transfer the appellants' timely appeal to the supreme court and that it should have done so. Id. at 357-58, 564 P.3d at 1156-57. The supreme court ordered the environmental court to transfer the appeal to the supreme court nunc pro tunc to the date it was originally filed in the environmental court. Id. at 358, 564 P.3d at 1157.

The holdings in Honoipu, Rosehill, and Dailey are controlling here. Appellants filed a timely appeal from an LUC declaratory order in the Circuit Court.[3] When the LUC asserted a lack of jurisdiction in that court, Appellants moved to transfer the appeal to the supreme court. It appears that jurisdiction was proper in the Circuit Court when the appeal was filed (see

---

[3]    The appeal was timely at least with respect to the LUC Reconsideration Order, which the LUC issued as a separate declaratory order. Following transfer, the supreme court has authority to determine the extent of its jurisdiction, including any timeliness issue. See Dailey, 155 Hawaiʻi at 358 n.14, 564 P.3d at 1157 n.14 ("For example, the transferee court might determine that the appeal was untimely filed or that it should have been made to another court.").

note 3), as <u>Kanahele</u> had not yet been published.  Under <u>Honoipu</u> and <u>Rosehill</u>, the Circuit Court had the inherent power to transfer the appeal to the supreme court.  In any event, under <u>Dailey</u>, the appeal should have been transferred to the supreme court, which in turn had authority to determine whether the transfer was properly made.  <u>Id.</u> at 358, 564 P.3d at 1157.

Given our disposition, we need not reach Appellants' remaining contentions.

For the reasons discussed above, we vacate the Circuit Court of the Third Circuit's:  (1) June 1, 2023 "Order Granting Appellee State of Hawaiʻi Land Use Commission's Motion to Dismiss Appeal for Lack of Subject Matter Jurisdiction and Denying Appellants' Motion to Transfer Appeal to the Hawaiʻi Supreme Court Nunc Pro Tunc"; (2) August 4, 2023 "Order Denying [153] Appellants' Motion for Reconsideration Filed June 13, 2023"; and (3) August 23, 2023 Final Judgment.  The case is remanded to the Circuit Court with instructions to transfer the appeal to the supreme court <u>nunc pro tunc</u> to the date of its September 29, 2022 filing as soon as this court's judgment on appeal has been entered.

DATED:  Honolulu, Hawaiʻi, December 19, 2025.


On the briefs:

Kenneth S. Church and
Joan E. Hildal,
Self-represented Appellants-
Appellants.

Julie H. China and
Melissa D. Goldman,
Deputy Attorneys General,
for Appellee-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge